Elissa D. Miller
  emiller@sulmeyerlaw.com
333 South Grand Avenue, Suite 3400
Los Angeles, California 90071
Telephone: 213.626.2311
Facsimile: 213.629.4520

Chapter 7 Trustee

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>VITRA OPKIKA, LLC<br><br>        Debtor.<br> | Case No. 2:19-bk-12650-BB<br><br>Chapter 7<br><br>Adv. No. |
| ELISSA D. MILLER, Chapter 7 Trustee,<br><br>        Plaintiff,<br><br>    vs.<br><br>SAMMY CASANOVA CHAN, an individual,<br><br>        Defendant. | **COMPLAINT FOR AVOIDANCE AND RECOVERY OF PREFERENTIAL TRANSFERS PURSUANT TO 11 U.S.C. §§ 547, 550 AND 551**<br><br><u>Status Conference</u>:<br><br>Date:    {To Be Set By Court}<br>Time:   {To Be Set By Court}<br>Place:  Courtroom 1568<br>   United States Bankruptcy Court<br>   255 East Temple Street<br>   Los Angeles, California 90012 |

For her Complaint For Avoidance And Recovery Of Preferential Transfers Pursuant To 11 U.S.C. §§ 547, 550 And 551 ("Complaint"), against Sammy Casanova Chan ("Defendant"), Elissa D. Miller, the duly appointed and acting Chapter 7 Trustee of the estate of Vitra Optika, LLC. ("Trustee" or Plaintiff"), hereby alleges as follows:

CB/2679899v1

1

**REQUIRED PLEADING DISCLOSURE**

In accordance with the requirements of Local Bankruptcy Rule 7008-1, the Plaintiff hereby alleges that the claims for relief set forth in the Complaint constitute a core proceeding under 28 U.S.C. § 157(b), in that the claims for relief relate directly to property which may be property of the estate of Vitra Optika, LLC ("Debtor"). Regardless of whether the claims for relief are core or non-core, Plaintiff hereby consents to the entry of final orders and judgment by the Bankruptcy Court, except as may be precluded by applicable law.

**STATEMENT OF JURISDICTION AND PROCEEDINGS**

1. On March 12, 2019 ("Petition Date"), the Debtor filed a voluntary petition under chapter 7 of Title 11 of the United States Code ("Bankruptcy Code"), commencing Case No. 2:19-bk-12650-BB ("Bankruptcy Case"). Thereafter, Elissa D. Miller was appointed as the Chapter 7 Trustee of the Debtor's bankruptcy estate ("Estate"), and she continues to act in that capacity.

2. The Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 157(b)(1) and 1334(a) and General Order No. 242-A of the District Court for the Central District of California, as this is a core proceeding under 28 U.S.C. §§ 157(b)(1) and (b)(2)(F).

3. Venue properly lies in this judicial district pursuant to 28 U.S.C. § 1409(a) because this proceeding is related to the Debtor's bankruptcy case which is still pending.

4. Pursuant to 11 U.S.C. § 544, the Plaintiff has standing to bring this adversary proceeding on behalf of the Estate.

**PARTIES**

5. The Plaintiff is the Chapter 7 trustee of the Estate, and brings this action for the benefit of the Estate and its creditors. To the extent that Plaintiff hereby asserts claims under 11 U.S.C. § 544(b), Plaintiff is informed and believes, and based thereon alleges, that there exists in these cases one or more creditors holding unsecured claims allowable under 11 U.S.C. § 502 or that are not allowable only under 11 U.S.C. § 502(e)

who could have avoided the respective transfers or obligations under California or other applicable law before the Petition Date.

6. Plaintiff was appointed as Chapter 7 trustee after the Petition Date. As a result, Plaintiff does not have personal knowledge of the facts alleged in this Complaint that occurred prior to her appointment and, therefore alleges all those facts on information and belief. Plaintiff reserves her right to amend this Complaint to allege additional claims against the Defendant and to challenge and recover transfers made to or for the benefit of the Defendant in addition to those transfers alleged in this Complaint.

7. Plaintiff is informed and believes and based thereon alleges that Defendant is an individual residing in Los Angeles County, California.

8. At all relevant times, Defendant was the person for whose benefit the recoverable transfers alleged in this Complaint were made; and/or an immediate or mediate transferee of such recoverable transfers.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

9. Prior to the Petition Date, the Debtor herein, purchased and distributed eye glass frames.

10. Plaintiff is informed and believes, and on that basis alleges, that in or about November 2018, the Defendant made two unsecured loans ("Loans") to the Debtor, in the amount of $25,000 each evidence by a promissory notes dated November 7, 2018.

11. Pursuant to the terms of the Promissory Notes, one loan was due and payable in full on February 7, 2019 and the other on May 7, 2019.

12. Prior to the Petition Date, the Debtor made one payment to the Defendant by check dated March 4, 2019, in the amount of $18,300 (the "Transfer"). A true and correct copies of the cancelled check is attached hereto as **Exhibit 1**.

13. Plaintiff is informed and believes, and on that basis alleges, that the Transfer was a repayment of a portion of the Debtor's obligations under the Loans.

## FIRST CLAIM FOR RELIEF

## (Avoidance And Recovery Of Preferential Transfers

## Pursuant To 11 U.S.C. §547(b))

14. Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 13 as though set forth in full.

15. Plaintiff is informed and believes, and based thereon alleges, that Transfer was made to Defendant for the benefit of Defendant, a creditor of the Debtor at the time of the Transfer, as that term is defined by 11 U.S.C. § 101(10).

16. Plaintiff is informed and believes, and based thereon alleges, that the Transfer was a transfer of an interest of the Debtor in property.

17. Plaintiff is informed and believes, and based thereon alleges, that the Transfer was made for or on account of an antecedent debt allegedly owed by the Debtor to Defendant before the Transfer was made.

18. Plaintiff is informed and believes, and based thereon alleges, that the Transfer was made while the Debtor was insolvent.

19. Plaintiff is informed and believes, and based thereon alleges, that the Transfer enabled Defendant to receive more than Defendant would have received if (a) the Debtor's bankruptcy case was a case under chapter 7 of title 11 of the United States Code; (b) the Transfer had not been made; and (c) Defendant received payments of such debt to the extent provided by title 11 of the United States Code.

20. Interest on the Transfer has accrued and continues to accrue from the date the Transfer were made.

21. Plaintiff is entitled to an order and judgment under 11 U.S.C. § 547(b) that the Transfer is avoided and/or providing any other remedy available under applicable law.

**SECOND CLAIM FOR RELIEF**

**(For Recovery Of Property Pursuant To 11 U.S.C. § 550)**

22. Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 20, as though set forth in full.

23. As alleged herein, Plaintiff is entitled to avoid the Transfer under 11 U.S.C. § 547. As the Defendant is the initial transferee of the Transfer, or the entity for whose benefit the Transfer was made, or is the immediate or mediate transferee of the initial transferee receiving such Transfer, or any of them, Plaintiff is entitled to recover for the Estate the proceeds or value of the respective transfers under 11 U.S.C. § 550.

**THIRD CLAIM FOR RELIEF**

**(For Preservation Of Avoided Transfer Pursuant To U.S.C. § 551)**

24. Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 22 as though set forth in full.

25. Pursuant to 11 U.S.C. § 551, Plaintiff is entitled to preserve any transfer avoided under 11 U.S.C. § 547, including the Transfer, for the benefit of the Estate.

**WHEREFORE**, Plaintiff prays for judgment against Defendant as follows:

**ON THE FIRST CLAIM FOR RELIEF**

1. For a judgment that the Transfer is avoidable as a preferential transfer under 11 U.S.C. § 547(b);

**ON THE SECOND CLAIM FOR RELIEF**

2. For a judgment that the Estate is entitled to recover the Transfer or the value thereof under 11 U.S.C. § 550;

**ON THE THIRD CLAIM FOR RELIEF**

3. For a judgment that the Estate is entitled to preserve any transfers avoided under 11 U.S.C. § 547(b), including the Transfer, for the benefit of the Estate;

**ON ALL CLAIMS FOR RELIEF**

5. For interest as permitted by law from the date of the Transfer;

6. For costs of suit incurred herein, including attorneys' fees; and

7. For such other and further relief as the Court deems just and proper.

DATED: August 21, 2019

By:    /s/ Elissa D. Miller
      Elissa D. Miller
      Chapter 7 Trustee

CB/2679899v1

6

# EXHIBIT 1

VITRA OPTIKA LLC
12621 MITCHELL AVE APT 2
LOS ANGELES CA 90066-4857

**Business Statement**

Account Number:
1 575 1337 0328

Statement Period:
Mar 1, 2019
through
Mar 31, 2019



Page 4 of 4

## IMAGES FOR YOUR SILVER BUSINESS CHECKING ACCOUNT

Member FDIC
Account Number 1-575-1337-0328



| 1021 | Mar 06 | 18,300.00 |

B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>ELISSA D. MILLER, Chapter 7 Trustee | **DEFENDANTS**<br>SAMMY CASANOVA CHAN, an individual |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.) | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor   ☐ Other<br>☒ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor   ☒ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
Complaint for Avoidance and Recovery of Preferential Transfers Pursuant to 11 U.S.C. §§ 547, 550 and 551

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☒ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/ Revocation of Discharge**
☐ 41-Objection/revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability- §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief- imposition of stay
☐ 72-Injunctive relief - other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case - 15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | ☒ Demand $   18,300.00 |

Other Relief Sought



**B1040 (FORM 1040) (12/15)**

| **BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES** | | | |
|---|---|---|---|
| NAME OF DEBTOR<br>VITRA OPKIKA, INC. | BANKRUPTCY CASE NO.<br>2:19-bk-12650-BB | | |
| DISTRICT IN WHICH CASE IS PENDING<br>CENTRAL DISTRICT OF CALIFORNIA | DIVISION OFFICE<br>LOS ANGELES | NAME OF JUDGE<br>HON. SHERI BLUEBOND | |
| **RELATED ADVERSARY PROCEEDING (IF ANY)** | | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. | |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE | |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br>/s/Elissa D. Miller | | | |
| DATE<br>August 21, 2019 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Elissa D. Miller | | |

### INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

